LINK:

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 14-08790 BRO (SSx) | Date | March 24, 2015 |
|---|---|---|---|
| Title | NICHOLAS TIRABASSI V. CHASE HOME FINANCE, LLC ET AL | | |

| Present: The Honorable | **BEVERLY REID O'CONNELL, United States District Judge** | |
|---|---|---|
| Renee A. Fisher | Not Present | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS)

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS [18]**

## I. INTRODUCTION

Pending before the Court is a Motion to Dismiss filed by Defendants U.S. Bank National Association ("U.S. Bank"), Select Portfolio Servicing, Inc. ("SPS"), and Deutsche Bank National Trust Company ("Deutsche Bank") (collectively, "Defendants"). (Dkt. No. 18.) After considering the papers filed in support of and in opposition to the instant motion, the Court deems this matter appropriate for resolution without oral argument of counsel. *See* Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15. For the following reasons, Defendants' motion is **GRANTED in part** and **DENIED in part**.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Nicholas Tirabassi ("Plaintiff") is a home owner residing in Woodland Hills, California. (Compl. ¶ 3.) On or about July 22, 2004, Plaintiff executed a deed of trust and promissory note to Washington Mutual Bank, F.A.[1] (Compl. ¶ 11.) This case involves an alleged modification to the loan securing the deed of trust.

In or around July 2009, Washington Mutual Bank, F.A. assigned the deed of trust and note to Defendant JP Morgan Chase Bank, N.A. ("Chase"). (Compl. ¶ 12.) Thereafter, Defendant Chase Home Finance, LLC ("Chase Home") began servicing the

---

[1] Washington Mutual Bank, F.A. is not a defendant in this case.

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 14-08790 BRO (SSx) | Date | March 24, 2015 |
|---|---|---|---|
| Title | NICHOLAS TIRABASSI V. CHASE HOME FINANCE, LLC ET AL | | |

loan. (Compl. ¶ 13.) Although they are named as defendants, Chase and Chase Home have not joined the instant Motion to Dismiss.

On March 29, 2010, Chase Home sent Plaintiff a letter regarding a "Trial Period Plan" ("TPP") and a potential modification to Plaintiff's home loan. (*See* Compl. Ex. A.) The letter stated that it was sent in response to a "recent request for a loan modification" and that Chase Home had "received and reviewed [Plaintiff's] verification of income documentation." (Compl. Ex. A at 1.) The TPP called for Plaintiff to make three monthly installments of $754.62 on May 1, 2010, June 1, 2010, and July 1, 2010. (Compl. Ex. A at 2.) The TPP further stated, "[i]f all payments are made as scheduled, we will consider a permanent workout solution for your Loan." (Compl. Ex. A. at 2.)

The TPP letter also included the following language regarding the amount of Plaintiff's future loan payments once the three-month trial period expired:

> **Note that the Trial Period Plan will not bring your account current.
> CHASE** reserves the right to determine the final amounts of the unpaid
> interest and any other delinquent amounts (except late charges) to be added
> to your loan balance in order to determine a new payment amount. After
> successful completion of the Trial Period Plan, **CHASE** will send you a
> Modification Agreement for your signature which will modify the Loan as
> necessary to reflect this new payment amount.[2]

(Compl. Ex. A at 1 (emphasis in original).) Chase Home signed the TPP letter. (Compl. Ex. A at 3.)

Plaintiff made three timely payments of $754.62. (Compl. ¶ 17.) Chase Home did not send Plaintiff a modification agreement as the TPP letter indicated once the three-month trial period expired. (Compl. ¶ 17.) Nevertheless, Plaintiff continued making (and Chase Home continued to accept) payments of $754.62 for the next twenty months, through April 2012. (Compl. ¶ 17.) In May 2012, Chase Home began returning Plaintiff's loan payments. (Compl. ¶ 20.) This coincided with Chase's transfer of the loan to U.S. Bank. (Compl. ¶¶ 20, 23.)

---

[2] The TPP letter's reference to "CHASE" is to the loan servicer, Chase Home.

Case 2:16-cv-04079-AB-SS Document 31 Filed 03/07/16 Page 3 of 18 Page ID #:138
Case 2:14-cv-08790-BRO-SS Document 34 Filed 03/24/15 Page 3 of 18 Page ID #:178

LINK:

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 14-08790 BRO (SSx) | Date | March 24, 2015 |
|---|---|---|---|
| Title | NICHOLAS TIRABASSI V. CHASE HOME FINANCE, LLC ET AL | | |

In July 2013, Chase Home transferred the servicing rights for Plaintiff's loan to SPS. (Compl. ¶ 26.) The following month, SPS informed Plaintiff that Deutsche Bank had acquired the loan. (Compl. ¶ 27.) Since then, SPS and Deutsche Bank have maintained that Plaintiff is in default. (Compl. ¶ 28.)

Believing that the TPP letter and Plaintiff's payments thereafter modified the original loan agreement, Plaintiff initiated this lawsuit by filing a Complaint in this Court. (Dkt. No. 1.) Plaintiff brings claims for: (1) breach of contract against Chase and Chase Home; (2) promissory estoppel against all named defendants; (3) breach of implied contract against Chase Home and the three moving Defendants; (4) a declaratory judgment against all defendants; (5) a violation of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 *et seq.*, against all defendants; (6) a violation of the Rosenthal Fair Debt Collection Practices Act ("Rosenthal Act"), Cal. Civ. Code. § 1788 *et seq.*, against all defendants; and (7) a violation of the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1962 *et seq.*, against all defendants. (*See* Compl ¶¶ 29–84.)

On February 13, 2015, Defendants U.S. Bank, SPS, and Deutsche Bank filed the instant Motion to Dismiss. (Dkt. No. 18.) Defendants seek to dismiss Plaintiff's second through seventh claims pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. On March 13, 2015, Plaintiff opposed the motion.[3] (Dkt. No. 27.) Defendants filed a timely reply. (Dkt. No. 28.)

## III. LEGAL STANDARD

Under Rule 8(a), a complaint must contain a "short and plain statement of the claim showing that the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a). If a complaint fails to do this, the defendant may move to dismiss it under Rule 12(b)(6). Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that

---

[3] Plaintiff's Opposition was untimely under the Central District's Local Rules. The Court will nevertheless consider it in ruling on Defendants' Motion to Dismiss.

LINK:

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 14-08790 BRO (SSx) | Date | March 24, 2015 |
|---|---|---|---|
| Title | NICHOLAS TIRABASSI V. CHASE HOME FINANCE, LLC ET AL | | |

the defendant is liable for the misconduct alleged." *Id.* "Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, there must be "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility'" that the plaintiff is entitled to relief. *Id.*

Where a district court grants a motion to dismiss, it should provide leave to amend unless it is clear that the complaint could not be saved by any amendment. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008) ("Dismissal without leave to amend is improper unless it is clear, upon de novo review, that the complaint could not be saved by any amendment."). Leave to amend, however, "is properly denied . . . if amendment would be futile." *Carrico v. City & Cnty. of S.F.*, 656 F.3d 1002, 1008 (9th Cir. 2011).

## IV. REQUEST FOR JUDICIAL NOTICE

When considering a motion to dismiss, a court typically does not look beyond the complaint in order to avoid converting a motion to dismiss into a motion for summary judgment. *See Mack v. S. Bay Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986), *overruled on other grounds by Astoria Fed. Sav. & Loan Ass'n Solimino*, 501 U.S. 104 (1991). Notwithstanding this precept, a court may properly take judicial notice of (1) material which is included as part of the complaint or relied upon by the complaint, and (2) matters in the public record. *See Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006); *Lee v. City of L.A.*, 250 F.3d 668, 688–89 (9th Cir. 2001).

A court may also take judicial notice pursuant to Federal Rule of Evidence 201(b). Under the rule, a judicially noticed fact must be one that is "not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). A court "must take judicial notice if a party requests it and the court is supplied with the necessary information." *See* Fed. R. Evid. 201(c)(2); *In re Icenhower*, 755 F.3d 1130, 1142 (9th Cir. 2014).

Case 2:16-cv-04079-AB-SS Document 34 Filed 03/24/15 Page 5 of 18 Page ID #:290
Case 2:14-cv-08790-BRO-SS Document 31 Filed 03/24/15 Page 5 of 18 Page ID #:190

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 14-08790 BRO (SSx) | Date | March 24, 2015 |
|---|---|---|---|
| Title | NICHOLAS TIRABASSI V. CHASE HOME FINANCE, LLC ET AL | | |

Defendants request that the Court take judicial notice of two documents. (*See* Defs.' Request for Judicial Notice ("RJN").) Exhibit 1 is a copy of the deed of trust for Plaintiff's loan, which has been recorded in the Official Records for the County of Ventura. (*See* RJN Ex. 1.) Exhibit 2 is a copy of the substitution of trustee for Plaintiff's loan, which has also been recorded in the County of Ventura's Official Records. (*See* RJN Ex. 2.) Courts routinely take judicial notice of publicly filed records such as these. *See, e.g.*, *Gamboa v. Tr. Corps*, No. CV 09-00007 SC, 2009 WL 656285, at *3 (N.D. Cal. Mar. 12, 2009) (taking judicial notice of documents related to a foreclosure sale as public documents). Further, Plaintiff does not object to Defendants' request for judicial notice. Because both exhibits are publicly recorded documents whose accuracy cannot reasonably be questioned, judicial notice of them is proper. Defendants' request is therefore **GRANTED**.

## V. DISCUSSION

Defendants move to dismiss all six claims alleged against them in the Complaint. (Mot. to Dismiss at 1.) In his Opposition, Plaintiff concedes that the second and fifth claims for promissory estoppel and violations of the UCL, respectively, should be dismissed with respect to the moving Defendants. (*See* Opp'n at 2 n.2.) Accordingly, to the extent Plaintiff brings claims for promissory estoppel or a violation of the UCL against U.S. Bank, SPS, or Deutsche Bank, these claims are **DISMISSED**.

The remaining claims against Defendants are for breach of implied contract, violations of the FDCPA and Rosenthal Act, and declaratory relief under the Declaratory Judgment Act. The Court will address each claim in turn.

### A. Plaintiff's Breach of Implied Contract Claim

Plaintiff's third claim is for breach of implied contract. Plaintiff alleges that an implied contract to modify his loan formed when Chase Home continued to accept checks for $754.62 after the trial payment period expired. (Compl. ¶¶ 50–51.) Plaintiff further alleges that once they acquired Plaintiff's loan or the loan servicing rights, all three moving Defendants breached the implied modification by refusing to accept loan payments for $754.62. (Compl. ¶¶ 52–54.)

Case 2:16-cv-04079-AB-SS Document 21 Filed 03/24/16 Page 6 of 18 Page ID #:231
Case 2:14-cv-08790-BRO-SS Document 34 Filed 03/24/15 Page 6 of 18 Page ID #:181

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 14-08790 BRO (SSx) | Date | March 24, 2015 |
|---|---|---|---|
| Title | NICHOLAS TIRABASSI V. CHASE HOME FINANCE, LLC ET AL | | |

"A cause of action for breach of implied contract has the same elements as does a cause of action for breach of contract, except that the promise is not expressed in words but is implied from the promisor's conduct." *Yari v. Producers Guild of Am., Inc.*, 161 Cal. App. 4th 172, 182 (Cal. Ct. App. 2008). The elements of a claim for breach of contract are: (1) the existence of a contract; (2) performance by the plaintiff or an excuse for nonperformance; (3) a breach by the defendant; and (4) damages. *First Commercial Mortg. Co. v. Reece*, 89 Cal. App. 4th 731, 745 (Cal. Ct. App. 2001).

Defendants primarily challenge Plaintiff's implied contract claim under the statute of frauds. (Mot. to Dismiss at 4.) The statute of frauds is an affirmative defense. *See* Fed R. Civ. P. 8(c). An affirmative defense typically may not be raised on a motion to dismiss unless the defense raises no disputed issues of fact. *See Scott v. Kuhlmann*, 746 F.2d 1377, 1378 (9th Cir. 1984). In this case, the statute of frauds defense raises no disputed issues of fact, as Plaintiff concedes that no writing memorializes an express agreement to modify the loan. (*See* Opp'n at 3–7.) Plaintiff's breach of implied contract claim rests upon the allegation that by accepting loan payments for $754.62 after the trial payment period expired, Chase Home impliedly agreed to modify the loan. (*See* Opp'n at 6–7; Compl. ¶¶ 50–51.) Because Defendants may properly raise a statute of frauds defense under these circumstances, the Court will consider whether the defense bars Plaintiff's implied contract claim.

"An agreement to modify a contract that is subject to the statute of frauds is also subject to the statute of frauds." *Chavez v. Indymac Mortg. Servs.*, 219 Cal. App. 4th 1052, 1057 (Cal. Ct. App. 2013). Under California's statute of frauds, a mortgage agreement secured by a deed of trust is invalid unless it is in writing and signed by the party to be charged or by that party's agent. *See* Cal. Civ. Code § 1624 (a)(6). Thus, any modification to a promissory note or deed of trust must be memorialized in a signed writing. *Rossberg v. Bank of Am., N.A.*, 219 Cal. App. 4th 1481, 1503 (Cal. Ct. App. 2013) (sustaining a demurrer on the plaintiff's breach of contract claim where the plaintiff failed to allege that a loan modification was in writing).

In his Opposition, Plaintiff does not appear to argue that the TPP letter satisfies the statute of frauds. (*See* Opp'n at 3–7.) Rather, Plaintiff argues that an implied contract "by its very nature" is "implied, and thus, not in writing." (*Id.* at 6.) But the mere fact that Plaintiff alleges the loan modification resulted from the parties' conduct and not

Case 2:16-cv-04079-AB-SS Document 34 Filed 03/07/16 Page 7 of 18 Page ID #:222
Case 2:14-cv-08790-BRO-SS Document 31 Filed 03/24/15 Page 7 of 18 Page ID #:182

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 14-08790 BRO (SSx) | Date | March 24, 2015 |
|---|---|---|---|
| Title | NICHOLAS TIRABASSI V. CHASE HOME FINANCE, LLC ET AL | | |

from an express agreement does not remove the modification from the statute of frauds or excuse the lack of a writing. If this were so, the statute of frauds would be meaningless.

Moreover, to the extent Plaintiff could argue that the TPP letter satisfies the statute of frauds, this argument fails based upon the letter's plain language.[4] Of note, the letter stated the following:

> **Note that the Trial Period Plan will not bring your account current. CHASE** reserves the right to determine the final amounts of the unpaid interest and any other delinquent amounts (except late charges) to be added to your loan balance in order to determine a new payment amount. After successful completion of the Trial Period Plan, **CHASE** will send you a Modification Agreement for your signature which will modify the Loan as necessary to reflect this new payment amount.

(Compl. Ex. A at 1 (emphasis in original).) By its plain language, the letter does not demonstrate the parties' agreement to modify Plaintiff's monthly loan payment to $754.62. The letter indicates that after three successful payments of that amount, Chase Home would send Plaintiff a modification agreement. But the letter does not state that Plaintiff's new monthly payment would necessarily be modified to $754.62. Rather, the letter makes clear that Chase Home would determine a new monthly payment figure if Plaintiff made three successful trial payments. Thus, the TPP letter lacks sufficient certainty to satisfy the statute of frauds. The basis for the alleged loan modification in this case is a modification to the amount of Plaintiff's monthly payment. This amount is therefore an essential term—indeed, the only term—of the modification. To satisfy the statute of frauds, the TPP letter must state this term with reasonable certainty. *See Sterling*, 40 Cal. 4th at 766. Because the letter does not specify a new payment amount

---

[4] The statute of frauds requires only a written memorandum signed by the party to be charged. *See Sterling v. Taylor*, 40 Cal. 4th 757, 765 (Cal. 2007). "A memorandum satisfies the statute of frauds if it identifies the subject of the parties' agreement, shows that they made a contract, and states the essential contract terms with reasonable certainty." *Id.* at 766. Because Chase Home signed the TPP letter, (*see* Compl. Ex. A), the only issue is whether the letter is sufficient to evidence the parties' agreement to modify Plaintiff's loan—and more specifically, to modify the amount of Plaintiff's monthly payments.

Case 2:16-cv-04079-AB-SS Document 21 Filed 03/07/16 Page 8 of 18 Page ID #:203
Case 2:14-cv-08790-BRO-SS Document 34 Filed 03/24/15 Page 8 of 18 Page ID #:183

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 14-08790 BRO (SSx) | Date | March 24, 2015 |
|---|---|---|---|
| Title | NICHOLAS TIRABASSI V. CHASE HOME FINANCE, LLC ET AL | | |

and expressly reserves that determination for the future, the letter lacks the requisite certainty to satisfy the statute of frauds.

Plaintiff argues that the lack of a written modification may be excused in this case because an exception to the statute of frauds applies. Specifically, Plaintiff argues that the full performance or equitable estoppel exceptions apply. (Opp'n at 4, 6–7.) In *Secrest v. Security National Mortgage Loan Trust 2002-2*, 167 Cal. App. 4th 544 (Cal. Ct. App. 2008), the California Court of Appeal considered the full performance exception's applicability in the context of an oral modification to a loan agreement. As the court explained, "[t]he principle that full performance takes a contract out of the statute of frauds has been limited to the situation where performance consisted of conveying property, rendering personal services, or doing something other than payment of money." 167 Cal. App. 4th at 556. In this case, Plaintiff's only performance consists of the payment of money. Thus, as in *Secrest*, even assuming Plaintiff's loan payments constituted full performance, this performance does not take the alleged modification outside of the statute of frauds or excuse the lack of a writing.

Plaintiff correctly points out that the doctrine of equitable estoppel may preclude a statute of frauds defense. *See Chavez*, 219 Cal. App. 4th at 1057–58. "The doctrine of estoppel has been applied where an unconscionable injury would result from denying enforcement after one party has been induced to make a serious change of position in reliance on the contract[,] or where unjust enrichment would result if a party who has received the benefits of the other's performance were allowed to invoke the statute." *Id.* at 1058 (internal quotation marks omitted). The equitable estoppel exception applies where the following four elements are present: "(1) the party to be estopped must be apprised of the facts; (2) [the party] must intend that his conduct shall be acted upon, or must so act that the party asserting the estoppel had a right to believe it was so intended; (3) the other party must be ignorant of the true state of facts; and (4) [the other party] must rely upon the conduct to his injury." *Id.* (internal quotation marks omitted).

In this case, Plaintiff has alleged sufficient facts to invoke the doctrine of equitable estoppel. In *Chavez*, the California Court of Appeal applied the doctrine where a lender mailed the plaintiff a TPP letter stating that if the plaintiff made three monthly payments in February, March, and April of 2010, the lender would issue a loan modification agreement. *Id.* at 1055–56. The plaintiff made the trial payments, the lender mailed the

Case 2:16-cv-04079-AB-SS Document 21 Filed 03/07/16 Page 9 of 18 Page ID #:184
Case 2:14-cv-08790-BRO-SS Document 34 Filed 03/24/15 Page 9 of 18 Page ID #:264

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 14-08790 BRO (SSx) | | Date | March 24, 2015 |
|---|---|---|---|---|
| Title | NICHOLAS TIRABASSI V. CHASE HOME FINANCE, LLC ET AL | | | |

modification agreement, and the plaintiff returned the agreement, believing the loan had been modified based upon the modification agreement's language that the loan documents would be "automatically" modified as of July 2010. *Id.* at 1056. After accepting lower loan payments for a few months, the lender rejected the plaintiff's September payment and initiated foreclosure proceedings. *Id.*

In concluding that the plaintiff had pleaded sufficient facts to invoke the doctrine of equitable estoppel, the *Chavez* court reasoned that the lender's mailing of the modification agreement and acceptance of lower loan payments suggested that the lender "intended to stand by the agreement." *Id.* at 1061. Further, the modification agreement's statement that the loan documents would be "automatically" modified impliedly represented that the lender would not rely upon a statute of frauds defense. *Id.* The court also found that the plaintiff had adequately alleged detrimental reliance because she "incurred additional costs and fees in excess of the amounts she had been obligated to pay under her original loan agreement or the Trial Period Plan." *Id.*

The Court is mindful that the facts in *Chavez* are distinguishable from those presented in this case. Whereas the lender in *Chavez* actually sent the plaintiff a loan modification agreement, in this case Plaintiff alleges that Chase Home never sent him a modification agreement, despite the fact he made three successful trial period payments. This factual difference would appear to distinguish *Chavez*'s reasoning and suggest that the equitable estoppel exception should not apply in this case. But in light of the Ninth Circuit's decision in *Corvello v. Wells Fargo Bank, N.A.*, 728 F.3d 878 (9th Cir. 2013), the Court finds *Chavez* persuasive.

In *Corvello*, the Ninth Circuit considered a TPP letter similar to the one received by Plaintiff. Adopting the reasoning of the Seventh Circuit in *Wigood v. Wells Fargo Bank, N.A.*, 673 F.3d 547 (7th Cir. 2012), the *Corvello* court found that the letter created an obligation on the lender to either modify the loan agreement once the borrowers satisfied the trial payment period, or notify the borrowers that they did not qualify for a permanent loan modification. *See* 728 F.3d at 883–85. The Ninth Circuit reasoned that the lender's failure to do either "does not deprive [the borrowers] of the benefits of their agreement." *Id.* at 885.

Case 2:16-cv-04979-AB-SS Document 21 Filed 03/07/16 Page 10 of 18 Page ID #:135
Case 2:14-cv-08790-BRO-SS Document 34 Filed 03/24/15 Page 10 of 18 Page ID #:185

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 14-08790 BRO (SSx) | Date | March 24, 2015 |
|---|---|---|---|
| Title | NICHOLAS TIRABASSI V. CHASE HOME FINANCE, LLC ET AL | | |

Given that *Corvello* places an affirmative duty on a lender who issues a TPP letter to either modify the loan or notify the borrower that he or she is ineligible for a permanent modification, the Court finds that Plaintiff has alleged sufficient facts to support an equitable estoppel defense to the statute of frauds. If Plaintiff did make three successful trial period payments, and if Chase Home failed to either send Plaintiff a modification agreement or notify Plaintiff that he was ineligible for a permanent modification, as Plaintiff alleges,[5] Chase Home would have breached this obligation. Plaintiff's allegation that he continued to make payments of $754.62 for an additional twenty months demonstrates Plaintiff's reliance on the existence of a modification. That Plaintiff's loan is now in default demonstrates that Plaintiff relied to his detriment. As no facts in the Complaint indicate that Defendants lacked knowledge of the TPP letter or Plaintiff's continued payments of $754.62 when they assumed Plaintiff's loan or the servicing rights, the Court cannot conclude at this stage of the proceedings that Defendants lacked knowledge of the material facts. Accordingly, the Court finds that Plaintiff has alleged sufficient facts to assert an equitable estoppel defense to the statute of frauds. The Court therefore declines to dismiss Plaintiff's third claim for lack of a written modification agreement.[6] Defendants' Motion to Dismiss this claim is **DENIED**.

---

[5] Defendants assert that *Corvello* does not apply because the Complaint does not expressly allege that Chase Home failed to notify Plaintiff he was ineligible for a permanent modification. (*See* Mot. to Dismiss at 5.) This argument is unavailing in light of the totality of the allegations. Plaintiff alleges that when the three-month period expired and he did not receive a modification agreement, he continued to make (and Chase Home continued to accept) payments of $754.62 for an additional twenty months, until Chase Home unilaterally refused to accept payments of this amount. (Compl. ¶¶ 17–19.) Based on these allegations, the reasonable inference is that Chase Home never expressly notified Plaintiff that he was ineligible for a permanent loan modification. If Chase Home had notified Plaintiff of as much, Plaintiff would not have continued to make (and presumably, Chase Home would have earlier rejected) payments of $754.62 after the three-month trial period expired. Accordingly, Plaintiff's failure to expressly allege that Chase Home did not notify him that he was ineligible for a loan modification does not render *Corvello* inapplicable in this case.

[6] Defendants also argue that Plaintiff's breach of implied contract claim fails because, to the extent any loan modification exists, Plaintiff breached the modification. (Mot. to Dismiss at 5–6.) Defendants assert that, as alleged, Plaintiff defaulted on the loan in May 2012. But again, this argument fails in light of the Complaint's other allegations. Critically, Plaintiff alleges that Chase Home began to reject Plaintiff's loan payments in May 2012 by returning Plaintiff's checks. (Compl. ¶ 23.) Assuming a valid

Case 2:16-cv-04079-AB-SS Document 31 Filed 03/07/16 Page 11 of 18 Page ID #:266
Case 2:14-cv-08790-BRO-SS Document 34 Filed 03/24/15 Page 11 of 18 Page ID #:186

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 14-08790 BRO (SSx) | Date | March 24, 2015 |
|---|---|---|---|
| Title | NICHOLAS TIRABASSI V. CHASE HOME FINANCE, LLC ET AL | | |

### B. Plaintiff's FDCPA and Rosenthal Act Claims

Plaintiff's sixth and seventh claims are for violations of the Rosenthal Act and the federal FDCPA, respectively.[7] (Compl. ¶¶ 69–84.) The Rosenthal Act provides, in relevant part, that "every debt collector collecting or attempting to collect a consumer debt shall comply" with 15 U.S.C. §§ 1692b–1692j, and "shall be subject to the remedies" of § 1692k. *See* Cal. Civ. Code § 1788.17. Accordingly, "any conduct by a debt collector which violates the federal FDCPA necessarily violates the California FDCPA as well." *Robinson v. Managed Accounts Receivables Corp.*, 654 F. Supp. 2d 1051, 1060 (C.D. Cal. 2009). The Court therefore begins with Plaintiff's claim for violations of the federal FDCPA.

### 1. Defendants are "Debt Collectors" Under the FDCPA

To state a claim under the federal FDCPA against Defendants, Plaintiff must allege facts demonstrating all of the following: (1) he is a consumer within the meaning of the FDCPA; (2) the debt at issue in this case "arises out of a transaction entered into for personal purposes"; (3) Defendants are debt collectors within the meaning of the FDCPA; and (4) Defendants violated a provision of the FDCPA. *See Gutierrez v. Wells Fargo Bank*, No. CV 08-05586 SI, 2009 WL 322915, at *2 (N.D. Cal. Feb. 9, 2009) (citing *Creighton v. Emporia Credit Serv., Inc.*, 981 F. Supp. 411, 414 (E.D. Va. 1997)).

Defendants primarily challenge Plaintiff's FDCPA claim on the ground that they are not "debt collectors" within the meaning of the FDCPA.[8] (Mot. to Dismiss at 8.) The

---

modification existed at the time, Chase Home would be the breaching party. That Plaintiff's loan thereafter went into default does not discredit Plaintiff's breach of implied contract claim.

[7] Plaintiff brings these claims against all named defendants. The Court's analysis here is limited to whether Plaintiff has stated claims against the moving Defendants.

[8] Defendants also assert that Plaintiff's allegations are conclusory. (Mot. to Dismiss at 7–8.) The Court disagrees. The Complaint specifically identifies which provisions of the FDCPA Defendants allegedly violated, and Plaintiff has alleged sufficient facts in support thereof. For example, Plaintiff alleges that by demanding more than is due under the implied modification, Defendants violated 15 U.S.C. §§ 1692e(2)(A) and 1692f. (*See* Compl. ¶ 83.) Section 1692e(2)(A) prohibits debt collectors from using false, deceptive, or misleading representations regarding "the character, amount, or legal status of any debt." *See* 15 U.S.C. § 1692e(2)(A). Plaintiff alleges that Defendants refused to accept his loan

Case 2:16-cv-04079-AB-SS Document 21 Filed 03/07/16 Page 12 of 18 Page ID #:237
Case 2:14-cv-08790-BRO-SS Document 34 Filed 03/24/15 Page 12 of 18 Page ID #:187

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 14-08790 BRO (SSx) | | Date | March 24, 2015 |
|---|---|---|---|---|
| Title | NICHOLAS TIRABASSI V. CHASE HOME FINANCE, LLC ET AL | | | |

FDCPA defines a "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." *See* 15 U.S.C. § 1692a(6). The statute clarifies that a "debt collector" does not include "any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity . . . concerns a debt which was not in default at the time it was obtained by such person." 15 U.S.C. § 1692a(6)(F)(iii).

Accordingly, courts have concluded that "[t]he FDCPA specifically excludes creditors collecting their own consumer debts" such that "[m]ortgage loan beneficiaries and servicing companies are not 'debt collectors' under the FDCPA." *See Derakhshan v. Mortg. Elec. Registration Sys., Inc.*, No. CV 08-01185 AG, 2009 WL 3346780, at *7 (C.D. Cal. Oct. 13, 2009) (citing *Perry v. Stewart Title Co.*, 756 F.2d 1197, 1209 (5th Cir. 1985)). An assignee of such a debt is also not a "debt collector" so long as the debt was not in default at the time of the assignment. *See Perry*, 756 F.2d at 1209 ("The legislative history of section 1692a(6) indicates conclusively that a debt collector does not include the consumer's creditors, a mortgage servicing company, or an assignee of a debt, as long as the debt was not in default at the time it was assigned.")).[9]

---

payments and "repeatedly" informed him that his loan was in default. (Compl. ¶¶ 23–28.) As this conduct is based upon Defendants' refusal to honor the alleged loan modification, Plaintiff's allegations are sufficient to support a claim under § 1692e(2)(A).

Section 1692f prohibits "[t]he collection of any amount . . . unless such amount is expressly authorized by the agreement creating the debt or permitted by law." *See* 15 U.S.C. § 1692f. This claim also finds support in Plaintiff's factual allegations, as Plaintiff alleges that the true amount due on his loan is $754.62 per month, and that Defendants have refused to accept this amount and demanded greater payments. (Compl. ¶ 53.) Thus, to the extent Defendants seek dismissal of Plaintiff's FDCPA claim on the basis that Plaintiff has failed to allege sufficient facts to demonstrate a violation of the law, the Court finds Plaintiff's allegations to be adequate and declines to dismiss the claim on this ground.

[9] The legislative history of section 1692a(6) states: "Finally, the committee does not intend the definition to cover the activities of trust departments, escrow companies, or other bona fide fiduciaries; the collection of debts, such as mortgages and student loans, by persons who originated such loans; mortgage service companies and others who service outstanding debts for others, so long as the debts were not in default when taken for servicing; and the collection of debts owed to a creditor when the

Case 2:16-cv-04979-AB-SS Document 31 Filed 03/07/16 Page 13 of 18 Page ID #:288
Case 2:14-cv-08790-BRO-SS Document 34 Filed 03/24/15 Page 13 of 18 Page ID #:188

LINK:

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 14-08790 BRO (SSx) | Date | March 24, 2015 |
|---|---|---|---|
| Title | NICHOLAS TIRABASSI V. CHASE HOME FINANCE, LLC ET AL | | |

Assuming Chase Home and Plaintiff impliedly agreed to a loan modification, as Plaintiff alleges, the modification would have taken effect sometime between the expiration of the trial payment period in July 2010 and Chase's transfer of the loan to U.S. Bank in May 2012. Plaintiff alleges that Chase Home's unilateral rejection of his loan payments "coincided" with Chase's transfer of the loan to U.S. Bank. (Compl. ¶ 20.) And according to the Complaint, SPS acquired the servicing rights in July 2013, and Deutsche Bank acquired the loan in August 2013. (Compl. ¶¶ 26–27.) Both of these transfers occurred well after Chase Home began returning Plaintiff's loan payments. Accordingly, the dispositive question is whether, and if so, when, Plaintiff's loan went into default.

In interpreting the exception for assignees under § 1692a(6)(F)(iii), courts have concluded that the exception "does not apply if the loan was in default at the time it was acquired by the servicing company, *or if the servicing company treated it as such, regardless of the loan's actual status*." *See Bridge v. Ocwen Fed. Bank, FSB*, 681 F.3d 355, 360 n.4 (6th Cir. 2012) (emphasis added) (quoting *Shugart v. Ocwen Loan Servicing, LLC*, 747 F. Supp. 2d 938, 942–43 (S.D. Ohio 2010)). Here, Plaintiff alleges that Chase Home rejected Plaintiff's loan payments—and effectively treated the loan as if it were in default—as of May 2012, the same month during which Chase transferred the loan to U.S. Bank. (Compl. ¶ 20.) Plaintiff alleges that Chase Home continued to reject Plaintiff's loan payments until it transferred the servicing rights to SPS in July 2013, and that SPS and Deutsche Bank "have repeatedly informed Plaintiff that Plaintiff [is] in default on [his] loan." (Compl. ¶¶ 25–28.) Thus, taking the factual allegations in the Complaint as true, the three moving Defendants do not fall within § 1692a(6)(F)(iii)'s exception, as all of these Defendants treated Plaintiff's loan as if it were in default from the time they acquired or began to service the loan. *See Shugart*, 747 F. Supp. 2d at 943 ("In the instant case, Plaintiff alleges Ocwen treated Plaintiff's loan as if it were in default from the time it began to service the loan. Thus, taking all factual allegations in the Complaint as true, Plaintiff's claim does not fail pursuant to the 15 U.S.C. § 1692a(6)(F)(iii) exception." (internal citations omitted)). Defendants' Motion to Dismiss Plaintiff's FDCPA claim on this basis is therefore **DENIED**.

---

collector is holding the receivable account as collateral for commercial credit extended to the creditor." S. Rep. 95-382, 3-4, reprinted in 1977 U.S.C.C.A.N. 1695, 1698.

Case 2:16-cv-04979-AB-SS Document 21 Filed 03/07/16 Page 14 of 18 Page ID #:209
Case 2:14-cv-08790-BRO-SS Document 34 Filed 03/24/15 Page 14 of 18 Page ID #:189

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 14-08790 BRO (SSx) | Date | March 24, 2015 |
|---|---|---|---|
| Title | NICHOLAS TIRABASSI V. CHASE HOME FINANCE, LLC ET AL | | |

### 2. Plaintiff's Loan is Subject to the Rosenthal Act

The Rosenthal Act, "like its federal counterpart, is designed to protect consumers from unfair and abusive debt collection practices." *Robinson*, 654 F. Supp. 2d at 1060. Defendants do not dispute that a violation of the federal FDCPA amounts to a violation of the Rosenthal Act. *See, e.g.*, *id.*; *Hosseinzadeh v. M.R.S. Assocs., Inc.*, 387 F. Supp. 2d 1104, 1118 (C.D. Cal. 2005) ("Because defendant has violated the FDCPA for the reasons stated herein, the Court concludes that defendant has also violated Cal. Civ. Code § 1788.17."). Rather, Defendants argue that they cannot be held liable under the Rosenthal Act because residential mortgage loans like Plaintiff's are not "debts" within the meaning of the Act. (Mot. to Dismiss at 8.)

The Rosenthal Act applies to the collection of "consumer debts." *See Lopez v. A.M. Solutions, LLC*, No. CV 13-01689 SVW, 2014 WL 1272773, at *2 (C.D. Cal. Mar. 3, 2014); *see also* Cal. Civ. Code § 1788.17. The Act defines a "consumer debt" as "money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction." Cal. Civ. Code § 1788.2(f). A "consumer credit transaction," in turn, "means a transaction between a natural person and another person in which property, services or money is acquired on credit by that natural person from such other person primarily for personal, family, or household purposes." Cal. Civ. Code §1788.2(e). As other courts have noted when facing the argument raised by Defendants, a residential mortgage "appears to fall within this definition." *See Lopez*, 2014 WL 1272773, at *2.

Some federal district courts have nevertheless concluded that a residential mortgage is not a "consumer debt" within the meaning of the Rosenthal Act. *See, e.g.*, *Bhandari v. Capital One, N.A.*, No. CV 12-04533 PSG, 2013 WL 1736789, at *5–6 (N.D. Cal. Apr. 22, 2013) (dismissing the plaintiffs' claim because "a mortgage is not a consumer debt for purposes of the Rosenthal Act" and citing cases); *Castaneda v. Saxon Mortg. Servs., Inc.*, 687 F. Supp. 2d 1191, 1197 (E.D. Cal. 2009); *Morgera v. Countrywide Home Loans, Inc.*, No. CV 09–01476 MCE 2010 WL 160348, at *3 (E.D. Cal. 2010); *Pittman v. Barclays Capital Real Estate, Inc.*, No. CV 09–00241 JM, 2009 WL 1108889, at *3 (S.D. Cal. 2009); *Ines v. Countrywide Home Loans, Inc.*, No. CV 08–01267 WQH, 2008 WL 4791863, at *3 (S.D. Cal. 2008). The Court is not aware of any

Case 2:16-cv-04979-AB-SS Document 21 Filed 03/07/16 Page 15 of 18 Page ID #:390
Case 2:14-cv-08790-BRO-SS Document 34 Filed 03/24/15 Page 15 of 18 Page ID #:390

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 14-08790 BRO (SSx) | Date | March 24, 2015 |
|---|---|---|---|
| Title | NICHOLAS TIRABASSI V. CHASE HOME FINANCE, LLC ET AL | | |

California decisions addressing the issue. After considering the line of cases cited by Defendants, the Court finds their reasoning unpersuasive.

As the court recognized in *Lopez*, the decisions concluding that a residential mortgage is not a "consumer debt" have based their reasoning on other decisions holding that foreclosure sales do not constitute "debt collections" within the meaning of the Rosenthal Act. *See* 2014 WL 1272773, at *3 (citing *Izenberg v. ETS Servs., LLC*, 589 F. Supp. 2d 1193, 1199 (C.D. Cal. 2008) (concluding that "foreclosure does not constitute debt collection under the RFDCPA" based upon case law interpreting the FDCPA)). But there is a difference between a foreclosure sale and a lender's pre-foreclosure communications regarding a residential loan that has come into default. *See id.* Indeed, as the court explained in *Hulse v. Ocwen Federal Bank, FSB*, 195 F. Supp. 2d 1188 (D. Or. 2002), a decision interpreting the FDCPA and the decision upon which *Izenberg* based its reasoning regarding the Rosenthal Act,

> Foreclosing on a trust deed is distinct from the collection of the obligation to pay money. The FDCPA is intended to curtail objectionable acts occurring in the process of collecting funds from a debtor. But, foreclosing on a trust deed is an entirely different path. Payment of funds is not the object of the foreclosure action. Rather, the lender is foreclosing its interest in the property.

195 F. Supp. 2d at 1204. "Thus, the theory that the Rosenthal Act simply does not apply at all to debts secured by mortgage loans is ultimately based on the premise that the FDCPA does not apply to the foreclosure process." *Lopez*, 2014 WL 1272773, at *3. But as the court explained in *Hulse* (the very decision California district courts have relied upon to conclude that the Rosenthal Act does not apply to residential mortgages), there is a difference between foreclosing on a property and communicating with a borrower regarding a delinquent loan.

Accordingly, the Court concludes that residential mortgage loans are not categorically excluded from the Rosenthal Act. *See Lopez*, 2014 WL 1272773, at *3; *see also Walters v. Fidelity Mortg. of Cal., Inc.*, 730 F. Supp. 2d 1185, 1203 (E.D. Cal. 2010) ("[T]he gravamen of plaintiff's claim is that Ocwen engaged in a pattern of improper conduct in the course of servicing her loan, ultimately causing the wrongful foreclosure

Case 2:16-cv-04979-AB-SS Document 21 Filed 03/07/16 Page 16 of 18 Page ID #:301
Case 2:14-cv-08790-BRO-SS Document 34 Filed 03/24/15 Page 16 of 18 Page ID #:191

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 14-08790 BRO (SSx) | Date | March 24, 2015 |
|---|---|---|---|
| Title | NICHOLAS TIRABASSI V. CHASE HOME FINANCE, LLC ET AL | | |

of the home. Hence, plaintiff's claim arises out of debt collection activities beyond the scope of the ordinary foreclosure process, and consequently, a remedy may be available under the RFDCPA."). As in *Lopez* and *Walters*, Plaintiff's claim under the Rosenthal Act relies on allegations concerning Defendants' conduct in servicing the loan. Plaintiff does not allege any misconduct in connection with the foreclosure process. Indeed, Plaintiff does not allege any facts to indicate that Defendants have even initiated foreclosure proceedings. Thus, to the extent Defendants seek dismissal of Plaintiff's Rosenthal Act claim on the basis that Plaintiff's loan is not a "consumer debt" within the meaning of the statute, Defendants' motion is **DENIED**.[10]

### C. Plaintiff's Claim Under the Declaratory Judgment Act

Plaintiff's fourth claim seeks a declaratory judgment under 28 U.S.C. § 2201.[11] (Compl. ¶¶ 56–60.) Specifically, Plaintiff requests a declaratory judgment that the loan was modified to reflect a new monthly loan payment of $754.62. (Compl. ¶ 57.) Defendants argue that Plaintiff's fourth claim must be dismissed because Plaintiff fails to state a claim against Defendants upon which he can request declaratory relief. (Mot. to Dismiss at 11–12.) Because Plaintiff's third claim for breach of implied contract remains viable, *see supra* Part V.A, and because Plaintiff seeks a declaratory judgment pursuant to this claim, dismissal is inappropriate on this basis.

Defendants also request dismissal on the ground that declaratory relief is not an independent claim, but rather a form of relief. (Mot. to Dismiss at 11.) Indeed, "[i]t is well-established that the Declaratory Judgment Act 'does not create an independent cause of action.'" *Del Monte Int'l GmbH v. Del Monte Corp.*, 995 F. Supp. 2d 1107, 1124

---

[10] Defendants also request dismissal on the ground that activities related to non-judicial foreclosure proceedings do not constitute "debt collection" practices under the Rosenthal Act. (Mot. to Dismiss at 9.) The Court's preceding analysis is consistent with this premise. Nevertheless, as the Court has noted, nothing in the Complaint suggests that Defendants have initiated foreclosure proceedings. Accordingly, Plaintiff's claim under the Rosenthal Act does not rely upon any activities exempt from liability, and dismissal on this basis is also inappropriate.

[11] Like Plaintiff's six and seventh claims, Plaintiff's fourth claim is alleged against all named defendants. Again, the Court's analysis here is limited to Plaintiff's request for declaratory relief with respect to the three moving Defendants.

Case 2:16-cv-04979-AB-SS Document 21 Filed 03/07/16 Page 17 of 18 Page ID #:302
Case 2:14-cv-08790-BRO-SS Document 34 Filed 03/24/15 Page 17 of 18 Page ID #:332

LINK:

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 14-08790 BRO (SSx) | Date | March 24, 2015 |
|---|---|---|---|
| Title | NICHOLAS TIRABASSI V. CHASE HOME FINANCE, LLC ET AL | | |

(C.D. Cal. 2014) (quoting *Chevron Corp. v. Camacho Naranjo*, 667 F.3d 232, 244–45 (2d Cir. 2012)). The purpose of declaratory relief "is to afford a new form of relief where needed and not to furnish a litigant with a second cause of action for the determination of identical issues." *Lai v. Quality Loan Serv. Co.*, No. CV 10-02308 PSG, 2010 WL 3419179, at *3 (C.D. Cal. Aug. 26, 2010). "While the existence of another adequate remedy does not preclude a declaratory judgment that is otherwise appropriate, the availability of other adequate remedies may make declaratory relief inappropriate." *Anderson v. U.S. Bank, Nat'l Ass'n*, No. CV 12-02743 IEG, 2013 WL 1629066, at *2 (S.D. Cal. Apr. 15, 2013) (internal quotation marks omitted) (citing *Fimbres v. Chapel Mortg. Corp.*, No. CV 09-00886 IEG, 2009 WL 4163332, at *5 (S.D. Cal. Nov. 20, 2009)). Accordingly, a federal court may decline to consider a claim for declaratory relief where the substantive lawsuit will resolve the issues raised by the claim for declaratory relief. *Tina v. Countrywide Home Loans, Inc.*, No. CV 08-01233 JM, 2008 WL 4790906, at *2 (S.D. Cal. Oct. 30, 2008).

The circumstances in this case do not demonstrate a need for declaratory relief with respect to the three moving Defendants. As to these Defendants, Plaintiff's request for declaratory relief is entirely coextensive with Plaintiff's third claim for breach of implied contract. Plaintiff may seek reformation of the note on the basis of his third claim. Because Plaintiff's request for declaratory relief would not entitle him to any relief beyond what Plaintiff may seek in connection with his substantive claims, a separate request for declaratory relief is inappropriate. *See Anderson*, 2013 WL 1629066, at *2–3. The Court therefore **DISMISSES** this claim.[12]

## VI. CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss is **GRANTED in part** and **DENIED in part**. Plaintiff's second and fifth claims for promissory estoppel and

---

[12] Plaintiff's fourth claim also requests an injunction requiring Deutsche Bank and SPS to accept loan payments of $754.62 and prohibiting these defendants from initiating foreclosure proceedings. (Compl. ¶¶ 59–60.) Like declaratory judgments, injunctions are a form of remedy and not an independent cause of action. *See Rodriguez v. Litton Loan Servicing LP*, No. CV 09-00029 MCE, 2009 WL 1326339, at *7 (E.D. Cal. May 12, 2009). Because Plaintiff may pursue injunctive relief in connection with his substantive claims, a separate claim under the Declaratory Judgment Act is unnecessary and inappropriate. *See Anderson*, 2013 WL 1629066, at *2–3.

Case 2:16-cv-04979-AB-SS Document 21 Filed 03/07/16 Page 18 of 18 Page ID #:383
Case 2:14-cv-08790-BRO-SS Document 34 Filed 03/24/15 Page 18 of 18 Page ID #:193

LINK:

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| Case No. | CV 14-08790 BRO (SSx) | Date | March 24, 2015 |
|---|---|---|---|
| Title | NICHOLAS TIRABASSI V. CHASE HOME FINANCE, LLC ET AL | | |

violations of the UCL are **DISMISSED** to the extent they are brought against the moving Defendants based upon Plaintiff's stipulation to their dismissal. Plaintiff's fourth claim under the Declaratory Judgment Act is also **DISMISSED** to the extent it seeks relief from the moving Defendants that Plaintiff may seek in connection with his substantive claims. Plaintiff's third, sixth, and seventh claims for breach of implied contract and violations of the FDCPA and Rosenthal Act remain viable.

**IT IS SO ORDERED.**                                                              :

                                                         Initials of Preparer         rf